IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Felipe Trujillo, ) | C/A 2:14-cv-00361-TMC-WWD |
| ) | |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| John Pate, Warden, Allendale ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The Petitioner, Felipe Trujillo, # 320542, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from a state conviction. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 13, 14).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Judge.

The Petitioner brought this habeas action on February 10, 2014. ( Dkt. No.1). On May 27, 2014, Respondent filed a Motion for Summary Judgment[1]. (Dkt. No.13, 14).

---

[1] The Respondent made the following documents exhibits to his motion:
    (1) PCR Appendix, containing:
        (b) 2008 PCR Application (with attached memorandum);
        (c) Return (2008 PCR action);

1

By order filed May 27, 2014, pursuant to Roseboro v.Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 24).  Petitioner was granted an extension of time to file his response and Petitioner did so on August 8, 2014. (Dkt.22.)  Hence it appears consideration of the motion is appropriate.

## PROCEDURAL HISTORY

The Petitioner is currently incarcerated in Allendale Correctional Institution pursuant to an order of commitment from the Clerk of Court of Spartanburg County.  A Spartanburg County Grand Jury indicted the Petitioner in August 2006 for trafficking in cocaine (greater than 400 grams). ( PCR App. p. 87; p. 3).  Ray Norvell, Sr., Esq., and Matthew Evert Yelverton, Esq., represented the Petitioner on the charge.  On March 12, 2007, pursuant to negotiations with the State, the Petitioner pled guilty to trafficking in cocaine (28 to 100 grams), first offense, with a negotiated sentence of sixteen (16) years. (PCR App. p. 3).  The Honorable Lee S. Alford, heard and accepted the plea and imposed a sentence of sixteen (16) years. ( PCR App. p. 20).  The Petitioner did not

---

        (d) December 10, 2008 PCR evidentiary hearing transcript;
        (e) Order of Dismissal (2008 PCR action);
        (f) Indictment (back only);
        (g) Sentencing Sheet;
        (h) Arrest Warrant;
        (i) February 5, 2009 Letter re: suppression hearing
           transcript;
(2) Johnson Petition for Writ of Certiorari (PCR appeal);
(3) August 9, 2011 Letter, Clerk of the Supreme Court of
    South Carolina re: *pro se* response (PCR appeal);
(4) August 10, 2011 Letter from Assistant AG in lieu of
    formal response (PCR appeal);
(5) *Pro se* Response to Johnson Petition (PCR appeal);
(6) July 24, 2013 Order (denying petition) (PCR appeal);
(7) August 13, 2013 Remittitur (PCR appeal).

appeal his guilty plea or sentence.

On February 22, 2008, the Petitioner filed an application for post-conviction relief ("PCR"), with attached memorandum, in which he raised the following claim:

>   (a) Counsel was ineffective by advising Applicant to plead guilty to Trafficking in cocaine when Applicant could've challenged the Constitutionality of the arrest/search and seizure, that led to his plea, in a trial by jury.

(PCR App. p. 24 and p. 32).

The State made its return to the application on August 5, 2008. ( PCR App. pp. 44-48). Ken Shabel, Esq., represented the Petitioner in the case. An evidentiary hearing into the matter was held December 10, 2008, before the Honorable J. Derham Cole. At the conclusion of the hearing, Judge Cole left the record open to receive a copy of the suppression hearing which preceded the guilty plea, upon plea counsel Novell's assertion that he had a copy of same in his file. ( PCR App. pp. 79-80). Mr. Novell later advised that he was mistaken, however, and that he did not have a copy of the transcript. ( PCR App. p. 91). Judge Cole issued an Order of Dismissal dated March 2, 2011, and filed March 3, 2011, in which he denied relief and dismissed the application. (PCR App. pp. 82-86).

The Petitioner appealed the denial of relief. Appellate Defender Breen Richard Stevens of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the Petitioner on appeal. Appellate counsel filed a Johnson[2]

---

[2] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct.

Petition for Writ of Certiorari in the Supreme Court of South Carolina on August 8, 2011, and presented the following question:

> Whether Trujillo's plea was knowingly and voluntarily made when the interpreter, whose statutory qualifications were not established on the record, exhibited difficulty in translating the proceedings?

(Attachment 2, p. 2).

Appellate counsel also filed a petition to be relieved of appointment as, "[i]n his opinion seeking certiorari from the order of dismissal [was] without merit." (Attachment 2, p. 11). By letter dated August 9, 2011, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a *pro se* response to the petition and "raise and argue any issues [Petitioner] believe[d] the Court should consider in th[e] appeal." (Attachment 3). The State submitted a letter in lieu of a formal response on August 10, 2011. (Attachment 4). Petitioner filed a *pro se* response. (Attachment 5). The matter was thereafter transferred to the Court of Appeals for disposition. See 243(l), South Carolina Appellate Court Rules ("The Supreme Court may transfer a case filed under this rule [governing certiorari review of post-conviction relief actions] to the Court of Appeals"). On July 24, 2013, the South Carolina Court of Appeals denied the petition for review and granted PCR appellate counsel's request to be relieved of appointment. (Attachment 6). Petitioner was barred from seeking review from the Supreme Court of South Carolina. Missouri v. State, 378 S.C. 594, 595, 663 S.E.2d 480, 481 (2008) (creating bar to seeking review from Supreme Court of South Carolina following "an

---

1396, 18 L.Ed.2d 493 (1967), were followed." Johnson v. State, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (S.C. 1988). The state court adheres to this requirement even though the United States Supreme Court has held, in Pennsylvania v. Finley, 481 U.S. 551(1987), that such a review is not required. Id.

order [from the South Carolina Court of Appeals] denying a petition for a writ of certiorari filed pursuant to Johnson v. State"). The South Carolina Court of Appeals issued the remittitur on August 13, 2013. (Attachment 7).

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## HABEAS CORPUS

The Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), therefore, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## DISCUSSION

A review of the record and relevant case law reveals that the Petition should be dismissed as untimely.

The one year statute of limitations governing habeas corpus allegations, 28 U.S.C. § 2244(d)(1)(A) specifically provides that:

[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to judgment of a State court. The limitation period shall run from the latest . . . of the dates on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In addition, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

State collateral review tolls the one-year statute of limitations under §2244(d)(1)(A) for properly filed pleadings, Artuz v. Bennett, 531 U.S. 4 (2000), but it does not establish a right to file within one year after completion of collateral review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir 2000); Smith v. McGinnis, 208 F.3d 13 (2nd

6

Cir. 2000). Similarly, the tolling period for state collateral review does not include the time for filing a petition for certiorari in the United States Supreme Court. Section 2244(d)(2). Lawrence v. Florida, 549 U.S. 327, 331-35 (2007).

Applying this criteria to the present case, it appears that the Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). His state court convictions became final on March 22, 2007, since he did not file a timely notice of intent to appeal after sentencing on March 12, 2007. See Rule 203 (b)(2), South Carolina Appellate Court Rules (ten (10) day limit in which to appeal after sentencing). His federal habeas time began to run thereafter.

Petitioner filed his first PCR action three hundred and thirty-seven (337) days later on February 22, 2008. The PCR action tolled the federal time, with twenty-eight (28) days remaining, until completion of the PCR appeal. The date of completion of the PCR appeal is either the July 24, 2013, date of the Order denying the petition for review, or the date of the remittitur, August 12, 2013, ending state appellate court jurisdiction. If the time is counted from the July 24, 2013, date of the South Carolina Court of Appeals' Order denying review in the PCR appeal, an additional one hundred and ninety-six (196) days of time not tolled by the statute had lapsed when Petitioner filed this action pursuant to Houston v. Lack, 487 U.S. 266 (1988), on February 5, 2014, and the action is untimely. If the remittitur date of August 12, 2013, is used to determine "pending" for purposes of the calculation under Section 2244 (d)(2), then one hundred and seventy-six (176) additional days lapsed. In this case, using either date,

the instant action was filed well past the twenty-eight (28) day remainder of the one-year period.

## EQUITABLE TOLLING

The Petitioner recognizes that his Petition is untimely, but argued that he has been diligently pursuing relief. He argued that "filing a habeas corpus application presents enormous difficulties for trained lawyers... and he has suffered a very difficult time understanding and comprehending the English language, not alone trying to understand Federal Habeas Principles." (Dkt. 22, pg. 2). Nevertheless, such argument is not at all a sufficient explanation of why the Petition is untimely and why the statute of limitations should be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (recognizing that a Petitioner has the burden of establishing that his petition is timely and that he is entitled to the benefit of the equitable tolling doctrine).

"The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179 (2001). Both the Supreme Court and the Fourth Circuit Court of Appeals have underscored the very limited circumstances where equitable tolling will be permitted. See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007), supra; Rouse v Lee, 339 F.3d 238 (4th Cir. 2003) (en banc). The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted).

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted); see also Holland, 130 S.Ct. at 2562. Equitable tolling is "the exception rather than the rule ... [and] resort to its prophylaxis is deemed justified only in extraordinary circumstances." Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (internal citation omitted).

As the Fourth Circuit Court of Appeals explained in Harris,

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330.

This simply is not one of those rare instances where—due to circumstances external to the Petitioner's own conduct—it would be unconscionable to enforce the limitation period against the Petitioner and gross injustice would result. The petition is untimely, and should be dismissed on that basis without reaching the merits of the Petitioner's grounds for relief.

## CONCLUSION

Accordingly for the aforementioned reasons, it is RECOMMENDED that Respondent's Motion for Summary Judgment (Dkt. No. 13) be GRANTED; and the

Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 24, 2014
Charleston, South Carolina

---

[3]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).