IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Felipe Trujillo, | ) | |
| | ) | Civil Action No. 2:14-361-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Pate, Warden, Allendale Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

     Petitioner, proceeding *pro se*, is a state prisoner seeking relief pursuant to 28 U.S.C. § 2254. Respondents filed a motion for summary judgment (ECF No. 13), to which Petitioner responded (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., all pre-trial proceedings were referred to a magistrate judge. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the respondent's motion for summary judgment and dismiss the petition with prejudice. (ECF No. 24). Petitioner was advised of his right to file objections to the Report. (ECF No. 24, p. 11). However, Petitioner has not filed objections, and the time to do so has now run.[1]

     The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

---

[1] Petitioner's objections were due on October 14, 2014. (ECF No. 24). On October 9, 2014, Petitioner moved for an extension of time to file his objections. (ECF No. 26). The court granted his motion, extending the time to file objections to October 20th. (ECF No. 27).

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the applicable law, the record in this case, and the Report, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Thus, the respondent's motion for summary judgment (ECF No. 13) is **GRANTED**, and the habeas petition is **DISMISSED** without prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 31, 2014
Anderson, South Carolina